# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4679 | **DATE** | 3/14/2012 |
| **CASE TITLE** | Versie C. Chatman vs. Morgan Lewis & Bockius LLP | | |

### DOCKET ENTRY TEXT

Defendant's motion to dismiss with prejudice and for a more definite statement [43] is denied. Plaintiff's motion to strike [51] is also denied. Because Plaintiff is granted leave to file an amended complaint on or before April 20, 2012, Plaintiff's motion to supplement the record [50] is denied as moot.

■ [ For further details see text below.]

Docketing to mail notices.

### STATEMENT

    Before the court is Defendant Morgan Lewis & Bockius LLP's ("Morgan Lewis") motion to dismiss and for a more definite statement. For the following reasons, the motion is denied. Plaintiff shall file an amended complaint or face dismissal.

    Plaintiff Versie C. Chatman ("Chatman") filed three agency complaints within thirteen months, two before and one after Morgan Lewis terminated her employment. Chatman filed the first with the Equal Employment Opportunity Commission (EEOC) on April 23, 2010, and the second and third with the Illinois Department of Human Rights (IDHR) on March 24, 2011, and May 24, 2011. Chatman alleges violations under Title VII, the Americans with Disabilities Act, the Family and Medical Leave Act, and 28 USC § 1981. The alleged workplace mistreatment spans nearly two years and is implicated by all three agency complaints. Only one complaint, the April 23, 2010 EEOC charge, however, generated a right-to-sue letter that is part of the record. Chatman asserts that IDHR suspended investigation of her later complaints because this lawsuit concerns the same facts as those alleged in those complaints.

    Morgan Lewis moves to dismiss all of Chatman's claims, except those brought under § 1981, with prejudice for failure to exhaust. Morgan Lewis also moves for a more definite statement under Rule 12(e) regarding the § 1981 claims. For her part, Chatman moves to submit documentation of her efforts to obtain right-to-sue letters regarding the March 24, 2011 and May 24, 2011 complaints. Chatman moves, in the alternative, to file a second amended complaint. Chatman also moves to strike Morgan Lewis's memorandum in support of its motion to dismiss for exceeding page length requirements under Local Rule 7.1 without leave of the court.

    Chatman worked as a legal secretary for Morgan Lewis from September 1, 2006 until April 13, 2011. Chatman's operative complaint, as Morgan Lewis observes, "does not comport with Rule 10(b)'s requirement of separately numbered paragraphs, each limited to a single set of circumstances—jumps around chronologically and substantively and does not specify which facts relate to which claims." The court agrees. As it stands, Chatman's complaint fails to comply with Rule 10(b). The noncompliance is not merely

| STATEMENT |
|---|

technical. Its disorganization and unstructured manner of argument do not aid Chatman's efforts to set forth a plausible claim for relief. See Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

The court, however, declines to allow this suit to become "bogged down" in "the quicksand of [civil rights statutes'] pleading requirements." Williams v. City of Chi., 658 F. Supp. 147, 149 (N.D. Ill. 1987) (quoting Salkin v. Washington, 628 F. Supp. 138, 139 (N.D.Ill. 1986)). Although Morgan Lewis moves to dismiss for failure to exhaust with prejudice, the better course is to grant Chatman's request for leave to file an amended complaint. Chatman, who proceeds *pro se*, will have the opportunity to organize a more cogent complaint to which Morgan Lewis may then respond. This includes Chatman's opportunity to enhance the record with respect to the issue of exhaustion.

In filing a new complaint, Chatman shall comply with Rule 10(b) and be mindful of Morgan Lewis's objections in its motion to dismiss. Both Chatman and Morgan Lewis are admonished to follow the Federal Rules and the Local Rules. Morgan Lewis's motion to dismiss with prejudice is denied. Morgan Lewis's motion for a more definite statement under 12(e) is denied as moot. Chatman's motion to strike is denied as well. Chatman shall file a second amended complaint that complies with Rule 10(b) on or before April 20, 2012. If Chatman fails to do so, her operative complaint will be dismissed.

IT IS SO ORDERED.

FILED 2012 MAR 16 PM 2:11 CLERK U.S. DISTRICT COURT