Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4679 | **DATE** | 5/01/2013 |
| **CASE TITLE** | Versie C. Chatman vs. Morgan, Lewis & Bockius, LLP | | |

**DOCKET ENTRY TEXT**

Plaintiff Versie C. Chatman's Motion to Deem Defendant's Claims of Privilege Waived for Failure to Produce Privilege Logs [79] is denied. Plaintiff's Response to Defendant's "Opposition to Plaintiff's Motion to Deem Defendant's Claims of Privilege Waived for Failure to Produce Privilege Logs" [84] is stricken as it is not a motion, but rather a reply brief.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Before the Court is Plaintiff Versie Chatman's ("Plaintiff") Motion to Deem Defendant's Claims of Privilege Waived for Failure to Produce Privilege Logs. For the following reasons, the motion is denied.
  As an initial matter, the Court notes that Plaintiff's pleading styled "Plaintiff's Response to Defendants 'Opposition to Plaintiff's Motion to Deem Defendants [sic] Claims of Privilege Waived for Failure to Produce Privilege Logs'" is not a motion. The Court construes this pleading as Plaintiff's reply to the instant motion. The Court further notes that Plaintiff's reply brief, dated February 1, 2013, was filed over a month late in accordance with the briefing schedule set by this Court—which ordered Plaintiff to file her reply on or before December 28, 2012.
  Here, Plaintiff seeks production of all documents that Defendant Morgan, Lewis & Bockius, LLP ("Defendant") claims are privileged without providing a corresponding privilege log. However, since the filing of this motion, Defendant asserts that it has provided Plaintiff with a detailed privilege log.
  In her reply, Plaintiff alleges that Defendant's privilege log is untimely and deficient. While Plaintiff alleges that she began requesting a privilege log from Defendant in September of 2012, Defendant admits that it did not provide Plaintiff with a privilege log until almost two months later, on December 13, 2012. However, the Court finds that Defendant's two-month delay does not justify a waiver of privilege in this instance. See Miller v. City of Plymouth, No. 09-CV-205-JVB-PRC, 2011 WL 1740154, at *4-5 (N.D. Ind. May 5, 2011) (declining to find a waiver of privilege when the defendant delayed five months in filing a privilege log). To the extent that Plaintiff alleges that the privilege log is deficient, she fails to attach a copy of it to her motion. Therefore, the Court is unable to make a determination regarding the sufficiency of the privilege log at this time. Accordingly, the Court rejects Plaintiff's arguments.
  Plaintiff further alleges that Defendant failed to supplement its discovery responses with "information gleaned during the communication[s]" protected by the work product privilege because "[t]he facts gathered must be disclosed." Pl.'s Resp. to Def.'s Opp. to Pl.'s Mot. to Deem Def.'s Claims of Privilege Waived for Failure to Produc. Privilege Logs ("Pl.'s Reply") 5. Due to Defendant's alleged failure to supplement, Plaintiff argues that she had insufficient information before her when conducting her depositions. She now seeks to re-depose Chanel Johnson and Sue Suchy at Defendant's expense. While it is true that "facts learned from the statements, interviews, and the documents" claimed as privileged work product "must be disclosed in response to interrogatories or other proper discovery," Plaintiff fails to show that any such facts exist. Caremark, Inc. v. Affiliated Computer Servs.,

| STATEMENT |
|---|
| Inc., 195 F.R.D. 610, 613 (N.D. Ill. 2000). Indeed, Plaintiff admits that the deponents "may not have anything different to say." Pl.'s Reply 5. Defendant is reminded of its duty to supplement its discovery responses pursuant to Federal Rule of Civil Procedure 26(e). However, the Court declines to re-open discovery to allow Plaintiff to engage in a fishing expedition by re-deposing witnesses. Accordingly, Plaintiff's request to re-depose witnesses is denied.<br>     For the foregoing reasons, Plaintiff's Motion to Deem Defendant's Claims of Privilege Waived for Failure to Produce Privilege Logs is denied.<br>     IT IS SO ORDERED. |